UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                :
DAVID MAYLE,                       :       CASE NO.: 5:01-CR-82
                                                :       CIVIL CASE NO.: 5:07-CV-922
                 Petitioner,            :
                                                :
vs.                                          :       OPINION & ORDER
                                                :       [Resolving Docs. No. 90, 93, 95]
UNITED STATES OF AMERICA,  :
                                                :
                 Respondent.          :
                                                :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On April 4, 2001, Petitioner Mayle was convicted on counts of mail fraud, forgery of treasury checks, and false statement to a federal agent. [Doc. 55.] The Petitioner was sentenced to 360 months of imprisonment. [Doc. 68.] Petitioner Mayle appealed his case to the U.S. Court of Appeals for the Sixth Circuit, which affirmed this Court's decision. [Doc. 81.] On September 1, 2004, the petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 85.] Judge Adams denied this § 2255 habeas corpus petition and dismissed the case with prejudice on January 23, 2007. [Case No. 5:04-CV-1775; Doc. 29.]

On March 29, 2007, Petitioner Mayle filed this present motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [Doc. 90.] The Government responded by filing a motion to dismiss the Petitioner's motion to vacate on the grounds that it was a successive § 2255 motion

-1-

Case No. 5:01-CR-82
Gwin, J.

impermissibly filed without an appellate court's certification. [Doc. 93.] The Petitioner opposed this motion. [Docs. 94.] This Court referred the matter to Magistrate Judge James Gallas for a Report and Recommendation. [Doc. 91.] On November 16, 2007, the Magistrate Judge recommended that the Government's motion to dismiss be granted and that this matter be transferred under 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit to enable gatekeeping review. [Doc. 95.] Petitioner Mayle filed objections to this Report and Recommendation on November 29, 2007. [Doc. 96.]

For the following reasons, the Court **ADOPTS** in whole Magistrate Judge Gallas's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court thus **GRANTS** the Government's motion to dismiss the Petitioner's motion to vacate judgment and **DISMISSES** the case. The Court further orders that the Petitioner's motion be transferred to the Sixth Circuit as an application to file a second or successive habeas corpus petition.

I. Legal Standard

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of the Report to which an objection has been made. *See* 28 U.S.C. § 636(b)(1). Any objections must be filed with the Clerk of Court within ten days of the Report's issuance. *Id.* Parties waive their right to appeal the Recommendation if they fail to object within the time allowed. *See, e.g.,* *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Petitioner Mayle has timely objected to the Magistrate's Report and Recommendation. The Petitioner objects to the Magistrate's finding that his motion constitutes a second or successive § 2255 petition. He argues that his motion was brought under § 2255(3) and therefore does not require

Case No. 5:01-CR-82
Gwin, J.

certification from the Sixth Circuit. This Court disagrees.

## II. Discussion

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), ("AEDPA"), a petitioner must first obtain permission from the Sixth Circuit Court of Appeals in order to file a second or successive § 2255 motion to vacate in this district court. 28 U.S.C. §§ 1631, 2244(b)(3)(A). *See In re Gray,* 163 F.3d 394, 395 (6th Cir. 1998). When a second or successive application is improperly filed with the district court, that court has no jurisdiction and must transfer the matter in the interest of justice to the appropriate circuit court. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

The Petitioner filed an initial § 2255 petition on September 1, 2004 in which he raised three grounds. Among these, Petitioner Mayle argued that the rulings of *Apprendi* and *Blakely* should be applied to his sentence and claimed that he was denied his Sixth Amendment right to a jury trial because his sentence was enhanced based on factors not established by proof beyond a reasonable doubt. [Case No. 5:04-CV-1775; Docs. 1, 16.] Judge Adams issued an opinion on the merits denying all of the Petitioner's claims on January 23, 2007. [Case No. 5:04-CV-1775; Doc. 28.]

In the present motion before this Court, Petitioner Mayle attempts to re-litigate the same claims as he presented in his first habeas petition. The Petitioner argues that he was denied his Fifth and Sixth Amendment rights because the district court enhanced his sentence and that the Supreme Court's ruling in *Apprendi* should apply to his case. [Docs. 90, 94, 96.] This issue was directly raised in his prior § 2255 petition and thus the present motion is a second or successive § 2255 motion that requires authorization from the Sixth Circuit before consideration by this Court. *See*

Case No. 5:01-CR-82
Gwin, J.

*Nailor v. United States,* 487 F.3d 1018, 1023 (6th Cir. 2007); *In re Bowen,* 436 F.3d 699, 704 (6th Cir. 2006). This Court, therefore, lacks jurisdiction to consider Petitioner Mayle's present § 2255 petition to vacate judgment.

The Petitioner claims that Sixth Circuit certification is not necessary because his motion was brought pursuant to § 2255(3), which provides that the statute of limitations for § 2255 petitions may run from the date on which the constitutional right asserted was initially recognized or newly recognized and made retroactively applicable by the United States Supreme Court. 28 U.S.C. § 2255(3). The Petitioner's arguments are misplaced, however, because the statute of limitations for filing the present petition has not been challenged. The issue instead is whether the Petitioner is allowed to file two separate and consecutive habeas corpus petitions based on the same constitutional challenges to his sentence without first seeking authorization from the federal appellate court. Sixth Circuit precedent clearly states that he may not.

### III. Conclusion

For the above reasons, the Court **ADOPTS** in whole Magistrate Judge Gallas's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court thus **GRANTS** the Government's motion to dismiss and **DISMISSES** the Petitioner's motion to vacate or set aside judgment under 28 U.S.C. § 2255. The Court further orders that the Petitioner's motion be transferred to the United States Court of Appeals for the Sixth Circuit as an application to file a second or successive habeas corpus petition.

Accordingly, this action is dismissed. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and no basis exists

Case No. 5:01-CR-82
Gwin, J.

upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.


Dated: December 4, 2007                  s/ *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE